NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2040
_____

SAM HARGROVE; ANDRE HALL; and MARCO EUSEBIO, individually and on
behalf of all others similarly situated,

v.

SLEEPY'S LLC,
     Appellant

v.

CURVA TRUCKING LLC; EUSEBIO's TRUCKING CORP.; I STEALTH LLC; HC
TRUCKING LLC; ALS TRUCKING, INC.; ALS TRUCK DELIVERY LLC; UTILA
TRANSPORT, INC.; E-MAK LLC; EMAK TRANSPORT INC.; EMAK TRANSPORT;
A&P TRUCKING LLC; DJG TRANSPORT LLC; AL TRANSPORT SERVICES
CORP.; A.C. BAUTISTA LLC; FB LOGISTICS CORP.; GD DELIVERY SERVICES
LLC; RAAN TRANSPORT LLC; JONATHAN LLC; JONATHAN's LLC; S.O.
TRUCKING LLC; SIX STARTS TRUCKING LLC; MSF TRUCKING LLC; RKC
DELIVERY LLC; GEORGIAN SHIELD INC.; and WR TRUCKING LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-10-cv-01138)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 12, 2023

Before: CHAGARES, *Chief Judge*, SCIRICA, and AMBRO, *Circuit Judges.*

(Filed: June 12, 2023)

_____

OPINION[*]

_____

**SCIRICA**, *Circuit Judge*

In this case, the District Court allowed 111 Sleepy's delivery drivers to sue Sleepy's as a class. The drivers allege that Sleepy's has misclassified them as independent contractors instead of employees, that it has made illegal deductions from their pay, and that it has failed to pay them overtime. The drivers present identical legal claims based on virtually identical facts. These claims can be proven with common evidence. Resolving them in a single trial would be fair and efficient. Accordingly, the District Court did not err in allowing the case to proceed as a class action. We will affirm its grant of class certification.

I.[1]

Sleepy's, a mattress retailer, relied on drivers to deliver its mattresses to customers. More than 100 of those drivers were based at Sleepy's facility in Robbinsville, New Jersey. Sleepy's classified these drivers as independent contractors and required them to sign a contract governing their relationship with Sleepy's. The drivers allege they were employees—not independent contractors—and so Sleepy's violated New Jersey law by

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The facts are given more fully in our prior precedential opinion, *Hargrove v. Sleepy's LLC*, 974 F.3d 467 (3d Cir. 2020). We briefly repeat the key facts to aid the parties.

making improper deductions from their pay and failing to pay them overtime. *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 472 (3d Cir. 2020).

In 2018, Plaintiffs sought to certify a class of "111 individuals who performed deliveries on a full-time basis and who drove one truck for Sleepy's." *Id.* at 474. The District Court denied certification, holding that the class was not "ascertainable based on objective criteria" because Sleepy's records did not identify which drivers worked full time. *Hargrove v. Sleepy's LLC*, No. 10-cv-1138, 2019 WL 8881823, at *4 (D.N.J. May 9, 2019) (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012)). Plaintiffs appealed, and we reversed. *Hargrove*, 974 F.3d at 470. We concluded that Plaintiffs satisfied the ascertainability requirement by identifying a "reliable and administratively feasible mechanism for determining class membership." *Id.* at 479 (citations omitted) (quoting *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015)). Class membership could be determined from "pay statements," "driver rosters," "Sleepy's security gate logs," and the drivers' affidavits. *Id.* at 479-81. And we reasoned that we could not let Plaintiffs' class action be "thwarted by Sleepy's lack of records," lest we open "a vast loophole" for employers to exploit by failing to keep records. *Id.* at 483.

On remand, the District Court was again confronted with deciding whether a class of drivers could be certified. The court certified the class.[2] *Hargrove v. Sleepy's LLC*, No.

---

[2] More precisely, the court certified "a deductions class and an overtime class of approximately 111 individuals who 1) entered into an Independent Driver Agreement (or similar agreement) with Sleepy's directly or through a business entity; 2) personally provided delivery services for Sleepy's on a full-time basis (i.e., more than 30 hours a week) out of Sleepy's Robbinsville, New Jersey facility; 3) operated only one truck for

3:10-cv-1138, 2022 WL 617176, at *1 (D.N.J. Mar. 2, 2022). It held that the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—were satisfied. *Id.* at *7-9. It determined Plaintiffs could prove Sleepy's liability through common evidence. Common issues of liability thus "predominate[d] over individual issues." *Id.* at *9 (quoting *In re Prudential Ins. Co of Am. Sales Practices Litig.*, 148 F.3d 283, 313-14 (3d Cir. 1998)). The court found that a class action was superior to other methods of deciding the case. *Id.* at *11-12. Since the class members' claims could be proven by common evidence, "adjudicating liability for these claims in a single class action [was] more efficient than potentially holding 111 trials." *Id.* at *12. The court certified the class only on the issue of liability, leaving the assessment of damages for future individual proceedings. *Id.*

We granted Sleepy's request to appeal the class certification decision.

## II.[3]

"Class certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008) (cleaned up). The District Court rigorously analyzed this case and concluded those requirements were met. We will affirm.

---

either all of their time while working at Sleepy's or for at least six months; and 4) who were classified as independent contractors at any time from March 4, 2004 to the present." *Hargrove*, 2022 WL 617176, at *7.

[3] The District Court had jurisdiction under 28 U.S.C. § 1332(d). We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f) as a result of our grant of permission to appeal.

A.

Sleepy's argues the District Court abused its discretion in deciding that issues common to the class "predominate over any questions affecting only individual members." *Hargrove*, 2022 WL 617176, at *7 (quoting Fed. R. Civ. P. 23(b)(3)). We disagree.

The predominance requirement tests whether the common issues in the case are more important than the individual issues. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). To meet this requirement, it suffices to show "that the plaintiffs' claims are capable of common proof at trial." *In re Lamictal Direct Purchaser Antitrust Litig.*, 957 F.3d 184, 191 (3d Cir. 2020).

Plaintiffs' theory of the case is that "they worked for Sleepy's, that Sleepy's was their employer, and that any money paid as a result was, as a matter of New Jersey law, wages." Hargrove Br. 2. If those wages were reduced by improper deductions, or if they failed to include earned overtime pay, Sleepy's violated the law. As the District Court held, these claims are readily capable of common proof.

We begin with misclassification. At the core of this case is Plaintiffs' allegation that they were not independent contractors but Sleepy's employees. To decide whether this is so, the District Court will apply what is commonly known as the "ABC test." *Hargrove v. Sleepy's, LLC*, 106 A.3d 449, 465 (N.J. 2015). Under this test, an individual is an employee unless the employer can show that:

> (A) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

>(B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
>(C) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Id.* at 458 (quoting N.J. Stat. Ann. § 43:21-19(i)(6)). If any of the three criteria is not met, the worker is an employee. *Id.*

The ABC test often turns on evidence of an employer's policies and practices, and so often presents a common issue. *See, e.g.*, *Williams v. Jani-King of Phila., Inc.*, 837 F.3d 314, 321 (3d Cir. 2016) (employer's control was common issue); *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059-60 (7th Cir. 2016) (test could be resolved by "common evidence about [Defendant's] business model"). This case is no exception. The District Court already applied the ABC test to three Plaintiffs and held that they were Sleepy's employees. JA71-76. Its decision about Part A—Sleepy's control over the drivers—rested entirely on common evidence. *See* JA72-73 (referencing, *e.g.*, the requirements of Sleepy's Independent Driver Agreement and Sleepy's control of the delivery process). This was sufficient to resolve the issue of employment status, JA73, and is likewise sufficient to show that employment status is a common issue. *Costello*, 810 F.3d at 1060.

Sleepy's response is that, "[o]ver ten years ago, the District Court concluded, as a matter of law, that Sleepy's control over class members was insufficient to create employee status under the control test." Sleepy's Br. 22 (emphasis omitted). No doubt Sleepy's prefers this ruling—which we vacated on appeal, *Hargrove v. Sleepy's LLC*, 612 F. App'x 116, 118-19 (3d Cir. 2015)—to the court's current, contrary decision. But Sleepy's preference for a different ruling on the merits is not an argument against certification. *See*

6

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) ("Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class."). Common evidence will decide who is right about employee status. Plaintiffs are required only to show that they "*can* win their case based on evidence common to the class," not that they will. *Costello*, 810 F.3d at 1060; *accord Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 306 (3d Cir. 2011) (en banc). A common resolution will be no less beneficial to Defendants, who may defeat the misclassification claims of all 111 class members in one trial.

Sleepy's liability can similarly be determined with common evidence. Sleepy's alleged wrongs—making illegal deductions and failing to pay overtime—were "common to all of the class members" and harmed them all. *Sullivan*, 667 F.3d at 298. "Common corporate policies" like these "carry great weight for certification purposes," and "predominance is rarely defeated in cases where such uniform policies exist." *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 944 (9th Cir. 2019) (cleaned up).

A closer look at the "essential elements" of Plaintiffs' claims confirms this prediction. *See Hydrogen Peroxide*, 552 F.3d at 311. To prevail on their overtime claims, Plaintiffs must prove they worked more than "40 hours in any week" without receiving overtime pay. *Branch v. Cream-O-Land Dairy*, 243 A.3d 633, 637 (N.J. 2021) (quoting N.J. Stat. Ann. § 34:11-56a4(b)). Sleepy's says that they cannot do so with common evidence because class members "worked different hours," Sleepy's Br. 19 (quoting JA152), and "Sleepy's did not record" those hours. *Id.* at 18 (quoting JA27). But "employees' wage claims should not suffer" on account of an employer's failure to record

7

hours as required by law. *Hargrove*, 974 F.3d at 482. Plaintiffs can prove their claims through common evidence showing "the amount and extent of [their] work as a matter of just and reasonable inference." *Tyson Foods*, 577 U.S. at 456 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

The record shows much common evidence which would permit that inference. The drivers may rely, for example, on gate logs reflecting the time they spent making deliveries, *Hargrove*, 2022 WL 617176, at *11, "manifests" and "scanner data" showing the duration of drivers' routes and the time of each stop along the route, Hargrove Br. 36, and class members' own testimony about their hours, *Hargrove*, 2022 WL 617176, at *11. Sleepy's argues that this evidence would not be truly "representative" of the drivers' hours. Sleepy's Br. 19. But this is no obstacle to certification unless the evidence is inadmissible or so lacking that "no reasonable juror could have believed" it. *Tyson Foods*, 577 U.S. at 459. That is not the case here, and Sleepy's does not contend otherwise. Sleepy's may ultimately be correct that this evidence is "unrepresentative or inaccurate." *Id.* at 457. But "[t]hat defense is itself common to the claims made by all class members," and so supports class certification. *Id.*

Plaintiffs' illegal deductions claim is much the same. This claim requires Plaintiffs to "prove money was deducted from [their] earned wages and that the deduction was impermissible." Sleepy's Br. 13; N.J. Stat. Ann. § 34:11-4.4. Sleepy's admits that it made deductions from the payments it made to class members, and does not appear to contest that these deductions would have been impermissible had the payments been the drivers' wages. *See* Sleepy's Br. 14 ("[I]t would have been illegal for an employer to make such

8

deductions . . . ." (citing N.J. Stat. Ann. § 34:11-4.4)). It instead argues that it did not pay drivers "wages" for their work—rather, it gave the workers' LLCs "lump-sum payments" that "were not wages." Reply Br. 9.[4] Whatever its merits, this defense is common to the class. *See Prudential*, 148 F.3d at 310 (observing that "defenses which were common to all class members . . . would satisfy the predominance requirement"). Indeed, Sleepy's argument on the issue relies only on common evidence—not any individualized facts about a particular driver's wages. *See* Sleepy's Br. 3-4, 13; Reply Br. 7-9. Because Plaintiffs can prove their case with common evidence, they have satisfied the predominance requirement.

B.

The District Court held that a class action was the most fair and effective way of resolving this case. We agree.

Before certifying this class, the District Court was required to conclude that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). It "balance[d], in terms of fairness and efficiency, the merits of a class action against those of alternative[s]," and concluded that a class action was the superior method of adjudication. *Hargrove*, 2022 WL 617176, at *11 (quoting *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 434 (3d Cir. 2016)). We agree that "adjudicating liability for these claims in a single class action is more efficient than

---

[4] Of course, if the drivers are Sleepy's employees, then it may be problematic that Sleepy's has apparently not paid them any wages. *See, e.g.*, N.J. Stat. Ann. § 34:11-4.10(a) ("Any employer who knowingly fails to pay the full amount of wages to an employee . . . shall be guilty of a disorderly persons offense . . . ."). Regardless, this dispute underscores the importance of the common question of employee status.

potentially holding 111 trials." *Hargrove*, 2022 WL 617176, at *12. Moreover, a single class verdict will be fairer than 111 potentially conflicting individual verdicts about the "same legal claims based on very similar sets of facts." *Id.*

Sleepy's argues that this conclusion was wrong for two reasons. First, it repeats its predominance arguments that "there is no way" to resolve the case "without an individual analysis." Sleepy's Br. 26. We have already rejected this point, and it fails here for the same reasons.

Second, Sleepy's argues that Plaintiffs' claims are simply too significant to be aggregated. They point out a "core purpose of the class action lawsuit is the aggregation of small claims cases." Sleepy's Br. 26 (quoting 2 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 4.65). Since Plaintiffs each "stand, on average, to recover $33,000,"[5] Sleepy's says they should be required to proceed individually. *Id.* at 27.

We are not persuaded. It is true that class actions are especially important when the individual stakes are low. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 616 (1997). But potential recoveries of $33,000 are small enough to support a finding of superiority. *See Prudential*, 148 F.3d at 316 (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 523 (D.N.J. 1997) ("The majority of class members in this case own relatively modest life insurance policies with death benefits averaging $35,000.")). This is not a case in which "[e]ach plaintiff if successful is apt to receive a judgment in the

---

[5] Plaintiffs dispute the accuracy of this figure, arguing that many class members have claims of around $1,000 or even less. *See* Hargrove Br. 41. Sleepy's argument is not compelling even if its figures are accepted.

10

millions." *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995). Besides, class certification can be proper even if "individual damages run high." *Amchem*, 521 U.S. at 617. The benefits of avoiding over a hundred "duplicative lawsuits" justify the District Court's decision. *See NFL*, 821 F.3d at 424, 434-35 (finding superiority on this basis despite individual awards in the millions).

C.

In granting certification, the District Court found that the class's representatives would "fairly and adequately protect" its interests. *Hargrove*, 2022 WL 617176, at *9 (quoting Fed. R. Civ. P. 23(a)(3)). The court held that there were no "conflicts of interest between [the] named parties and the class." *Id.* (quoting *Amchem*, 521 U.S. at 625). Sleepy's contends this was error. According to Sleepy's, some class members are "joint employer[s]" of other Sleepy's "drivers and helpers." Sleepy's Br 28. Sleepy's therefore worries that a judgment against it could prove disastrous for those class members, who might be "sued by [their] former employees" and "bankrupte[d]." *Id.* at 30.

The District Court was right to reject this argument. If some class members are liable to their own employees for violating the wage and hour laws, they are so liable regardless of the outcome of this suit. A win for the class would establish only that Sleepy's had failed to pay overtime and illegally deducted money from the drivers' pay—not that the class members had done the same to their employees. *Cf.* Sleepy's Br. 20. The two claims attack different conduct and will be proven with different evidence. A "hypothetical" conflict like this does not defeat adequacy. *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 395 (3d Cir. 2015).

These class representatives "possess the same interest" and have "suffere[d] the same injury as the [other] class members." *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 343 (3d Cir. 2010) (quoting *Amchem*, 521 U.S. at 625-26). Success in this suit will only benefit Plaintiffs. They have every "incentive to represent the claims of the class vigorously" to maximize their own recovery and that of the other class members. *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 184 (3d Cir. 2012) (quoting *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 290 (3d Cir. 2010)). The court did not abuse its discretion in finding they were adequate representatives.

### D.

Sleepy's complains that "the certification order failed to define the class and the class claims, issues, or defenses, and failed to appoint class counsel." Sleepy's Br. 2. We disagree. The certification order precisely defined the class and the issues. *See supra* note 2 (class definition); *Hargrove*, 2022 WL 617176, at *1, *11 (defining the issues as "whether Plaintiffs were misclassified as independent contractors," "Sleepy's liability for wage deductions," and Sleepy's liability for unpaid overtime). These definitions were "readily discernible, clear, and complete"—more than adequate to enable our review. *See Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 126 (3d Cir. 2018).

Sleepy's makes only "a passing reference" to the issue of class counsel, and so has forfeited the argument. *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023). We are confident the District Court will appoint class counsel.

***

We will affirm the order of the District Court granting class certification, and remand for further proceedings consistent with this opinion.